# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50501

JAMES SCOTT REED,

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

SHERIFF EDDY LANGE; BELL COUNTY SHERIFF'S OFFICE; BELL COUNTY SHERIFF'S OFFICE – MEDICAL STAFF,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:14-CV-90

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

James Scott Reed, Texas prisoner # 1723878, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 action as frivolous because it was time barred. Reed alleges that he broke his hand in the Bell County, Texas, Jail in 2011. By 2014, he developed a condition requiring surgical repair. Reed argues that the two-year limitations period to file a § 1983 action should have commenced when he was told that his condition

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

required surgery and discovered that the condition was the result of the medical care he received in the Bell County Jail.

"An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3); *see Baugh v. Taylor*, 117 F.3d 197, 199-200 (5th Cir. 1997). When a district court certifies that an appeal is not taken in good faith under § 1915(a)(3), the litigant may either pay the filing fee or challenge the court's certification decision. *Baugh*, 117 F.3d at 202.

This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If "the merits are so intertwined with the certification decision as to constitute the same issue," the court may determine the merits as well as the appropriateness of the IFP status. *Baugh*, 117 F.3d at 202. If the court upholds the district court's certification that the appeal is not taken in good faith, the appellant must pay the appellate filing fee or the appeal will be dismissed for want of prosecution. *See id*. However, if the appeal is frivolous, this court may dismiss it sua sponte under Fifth Circuit Rule 42.2. *See id*. at 202 n.24.

A district court may raise the defense of limitations sua sponte in an action proceeding under § 1915. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Id*. Where, as here, the statute does not specify a limitations period and the federal residual limitations period does not apply, we use the forum state's general personal-injury limitations provision. *Jacobsen v. Osborne*, 133 F.3d

No. 14-50501

315, 319 (5th Cir. 1998).[1]  In Texas, that period is two years.  *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).  In addition to the limitations period, the forum state's tolling principles are also applied.  *Walker v. Epps*, 550 F.3d 407, 415 (5th Cir. 2008).

However, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."  *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Although the Supreme Court has noted that federal courts often use the date of discovery as the date of accrual,  it has "not adopted that position as our own" in all cases.  *TRW Inc. v. Andrews*, 534 U.S. 19, 28 (2001).  Even assuming arguendo that a discovery rule governs the accrual date here, Reed still cannot prevail.  In other contexts, we have held that under the discovery rule, an action accrues when a plaintiff knows both the existence of an injury and the cause of the injury.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 190 (5th Cir. 2011)(Federal Tort Claims Act case).  The rule delays the commencement of the accrual period beyond the injury date when the facts relevant to causation are under the control of the defendant or would be very difficult for a plaintiff to obtain.  *Id.*  The rule does not delay the accrual period beyond the point when the plaintiff knew of the injury and its cause or should have discovered the injury and the cause through the exercise of reasonable diligence.  *See id.*

Reed's own allegations indicate that (1) he broke his hand in the Bell County Jail in 2011; (2) from the outset, the jail medical staff provided the treatment he now challenges, and (3) he experienced difficulties with the hand from the time it was broken until well after he was moved to TDCJ.  Reed does not complain about the treatment he received from the TDCJ medical staff, so

---

[1] The residual federal limitations period of four years applies only to statutes enacted or expanded since 1990, and we have concluded that § 1983 is not such a statute.  *See Garrett v. Thaler*, 560 F. App'x 375, 383-84 (5th Cir. 2014)(providing history of this analysis).

the treatment he received there is not relevant to the accrual of the limitations period.  As to the jail, Reed alleged that, shortly after he incurred his injury in 2011, he was directed to place a splint on his own injured hand after an x-ray was made.  He further alleged that a doctor pronounced him cured 40 days later without making a second x-ray.  Whether or not this course of treatment actually would constitute deliberate indifference to Reed's serious medical needs, *see Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001), these facts should have alerted him to the possibility of same, *see In re FEMA*, 646 F.3d at190.  Taking Reed's factual allegations as true, he should have known before April 1, 2012, two years before he filed his complaint, that he may have received constitutionally inadequate medical care for his broken hand from the jail medical staff.  *See id*.

Reed's IFP motion is denied, and his appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2.  The district court's dismissal of Reed's complaint and the dismissal of this appeal each counts as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  Reed is warned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* § 1915(g).

IFP  DENIED.   APPEAL  DISMISSED.   SANCTION  WARNING ISSUED.